UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 09-20646-CIV-GOLD/GOODMAN

QUALINK, INC.,

    Plaintiff,

vs.

C.P. MOTION, INC., ET AL.,

    Defendants.
_____/

## ORDER ON PLAINTIFF'S FEE PETITION AND BILL OF COSTS

This matter is before the Court on Plaintiff, Qualink, Inc.'s motion for Bill of Costs and Fee Petition [DE# 88]. The motion was referred to the Undersigned by the Honorable Alan S. Gold [DE# 90]. The parties previously consented to magistrate jurisdiction for attorney's fees and costs [DE# 31]. The deadline for responding to the motion was August 5, 2011, but no response was filed. The Court considered the fee petition and bill of costs, the pertinent portions of the record and the applicable law. The Court grants the motion and awards the full amount of attorney's fees and costs requested.

Plaintiff originally filed this lawsuit against the Defendants for breach of contract. In January 2011, the parties entered into a settlement agreement, wherein the Defendants agreed to pay Plaintiff $21,000 in installments, and agreed that the first installment of $6,000 would be due on or before January 20, 2011 [DE# 73-1]. Defendants defaulted [DE# 73-2]. The settlement agreement stipulated that:

> In the event that Defendants default on [the] Agreement by missing a payment or by making late payment, Defendants stipulate and agree to the entry of a

judgment against them in the amount of $69,000 in principal plus costs of the action and a reasonable attorneys' fee to be agreed upon by the parties or if the parties are unable to agree as determined and awardable by the Court following a cost and fee petition. [DE#73-1]

Upon a motion by Plaintiff, Judge Gold entered the judgment described in the agreement against the three non-bankrupt Defendants -- O&P Motion, Inc., Texas Motion, Inc., and Nova 1 Corp. -- in "the amount of $69,000, plus the costs of the actions and reasonable attorneys' fees." [DE# 87].

Following the entry of Judge Gold's order, which entitled Plaintiff to reasonable attorney's fees and costs, Plaintiff made several unsuccessful attempts to confer with Defendants on the amount of reasonable fees and costs, as required by the Local Rules. Plaintiff then filed this motion on July 22, 2011 requesting $59,538.00 in fees and $1,010.81 in costs. Plaintiff provided detailed billing invoices in connection with its motion. [DE# 88-1]. In addition, Plaintiff determined its fees based on below-market hourly rates for both attorneys and staff and further reduced the fees by ten percent across the board.

None of the Defendants opposed the motion in any way.

Pursuant to Local Rule 7.1(c), "[e]ach party opposing a motion shall serve an opposing memorandum of law no later than fourteen (14) days after service of the motion. Failure to do so may be deemed sufficient cause for granting the motion by default." *See also* S.D. Fla. L.R. 7.3 (providing that a respondent to an attorney's fees motion shall object within fourteen (14) days after filing and service of the motion); *Galvez v. Cuevas*, No. 08-80378, 2009 WL 1024632, at *2 (S.D. Fla. April 15, 2009) (court has discretion to grant motions for attorney's fees by default when a party who is required to respond fails to do so); *Lopez v. Ingram Micro, Inc.*, No. 95-2004, 1997 WL 605780, at *2 (S.D. Fla. Aug. 27, 1997) (granting motion for attorneys' fees by default when defendant failed to respond).

In addition, Local Rule 7.3(a) requires the respondent to an attorney's fees and costs motion to "describe with reasonable particularity each time entry or nontaxable expense to which it objects, both as to issues of entitlement and as to amount, and shall provide supporting legal authority." Circuit precedent also provides that "'objections and proof from fee opponents' concerning hours that should be excluded must be specific and 'reasonably precise.'" *ACLU v. Barnes,* 168 F.3d 423, 428 (11th Cir. 1999) (quoting *Norman v. Housing Authority of* Montgomery, 836 F.2d 1292 (11th Cir. 1988)).

Because the Defendants neither conferred prior to the filing of this motion, nor responded to the motion, the Court considers the motion unopposed and, under these circumstances, finds that it is appropriate to grant the motion by default. It is thereupon

**ORDERED AND ADJUDGED** that Plaintiff Qualink, Inc. is awarded $59,538.00 in fees and $1,010.81 in costs for a total judgment of **$60,548.81** against the non-bankrupt Defendants, O&P Motion, Inc., Texas Motion, Inc., and Nova 1 Corp., **for which sum let execution issue.**

DONE AND ORDERED in Chambers, at Miami, Florida, this 31st day of August, 2011.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
Counsel of Record